OPINION
{¶ 1} Defendant, Jeffrey L. Bateman, appeals from his classification as an habitual sex offender.
 {¶ 2} On December 11, 2006, Bateman entered guilty pleas to four counts of gross sexual imposition, R.C. 2907.05(A)(4), which is defined by R.C. 2950.01(D)(1)(a) as a sexually *Page 2 
oriented offense. Bateman was convicted on his pleas. On March 26, 2007 the trial court classified Bateman as an habitual sex offender pursuant to R.C. 2950.01(B)(2)(a), finding that he was previously classified as a sexually oriented offender. Bateman filed a timely notice of appeal from the 2007 reclassification order.
 {¶ 3} Bateman was classified as a sexually oriented offender in 1999. (State v. Bateman, Case No. 91-CR-2514, October 13, 1999). That classification resulted from Bateman's conviction in 1991 on a charge of felonious assault, which arose from events in which Bateman repeatedly stabbed his girlfriend because she refused to have sex with him. The 1999 classification was ordered after a hearing authorized by R.C. 2950.09(B), (C)(1) and (2), and was based on the court's finding that Bateman's offense of felonious assault had been committed with a sexual motivation. R.C. 2950.01 (D)(1)(c).
 {¶ 4} Bateman argues that the trial court erred when it classified him as an habitual sex offender, for two reasons. First, Bateman contends that because the offense of felonious assault of which he was convicted in 1991 did not contain a "sexual motivation" element, the trial court could not rely on the resulting sexually oriented offender classification *Page 3 
ordered in 1999 to reclassify him as an habitual sex offender in 2006. That contention, which challenges the retroactive application of the statutory classifications, was rejected in State v. Cook (1998),83 Ohio St. 3d 404, as it applies to initial classifications. The Cook rationale likewise applies to subsequent reclassifications
 {¶ 5} Second, Bateman contends that he lacked notice of his 1999 classification as a sexually oriented offender and was not present at the hearing on which the classification was ordered. Notice and an opportunity to be heard are fundamental requirements of due process. R.C. 2950.09(B) implements the due process right by providing that, with respect to hearings on sexual offender classifications, the offender shall have notice of the date, time and location of the hearing, the right to testify, present evidence and witnesses, cross-examine the witnesses, and the right to be represented by counsel. Crim. R. 43 also provides that criminal defendants have the right to be present at every stage of the proceeding.
 {¶ 6} Bateman's contentions are a collateral attack on the classification that was ordered on October 13, 1999, which is a final judgment or order from which no appeal was taken. Any error the court committed in 1999 is not preserved for review *Page 4 
by the notice of appeal that Bateman filed from his habitual sexual offender classification in 2007. Bateman's proper avenue of relief is a petition for post conviction relief filed pursuant to R.C. 2953.21. Because the time requirements of that section as they pertain to his 1999 classification have long since expired, Bateman must first demonstrate that the extension provisions of R.C. 2953.23 are satisfied in order for the court to consider his contentions as grounds for post conviction relief.
 {¶ 7} The assignment of error is overruled. The judgment of the trial court will be affirmed
 WOLFF, P.J. And FAIN, J., concur. *Page 1